IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA A. MCCOLM,

        Plaintiff,                             No. CIV S-06-2707 MCE EFB PS

    vs.

RESTORATION GROUP, INC.,

        Defendant.               <u>ORDER</u>

        This action, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636. On February 13, 2007, plaintiff filed an *ex parte* application to continue the hearing on defendants' amended motion to dismiss. That motion, filed on February 1, 2007, was noticed for hearing on March 7, 2007. Pursuant to Local Rule 78-230(c), plaintiff's opposition thereto is due February 21, 2007.

        Citing "medical impossibility" to file a timely opposition, plaintiff seeks a "thirty to sixty day" extension to oppose defendants' motion. Plaintiff's application includes a declaration by plaintiff that she suffers from "permanent manual function [*sic*] limitations from crippled arthritic painful and often swollen hands, herniated discs and other medical limitations which [her] physicians have determined require accommodation by a factor of at least 4-5 the usual time to accomplish any written work in such a fashion as to have a fair and reasonable

1

1  opportunity with able-bodied persons to achieve a favorable result."  Plaintiff offers to make the
2  medical declarations of her physicians available to the court upon request.

3        Defendants oppose plaintiff's request for an extension of time.  Defendants point to the
4  onslaught of filings by plaintiff since the commencement of this lawsuit, including but not
5  limited to: (1) a request to enter default against defendants and a declaration in support thereof;
6  (2) an *ex parte* application for a court order requiring the Clerk to enter default; (3) a reply to
7  defendants' response concerning the application for entry of default; (4) a notice of application
8  and application for a writ of possession and a temporary restraining order; (5) a memorandum of
9  points and authorities, and two third party declarations in support of those applications; (6)
10 plaintiff's own declaration in support thereof; and (7) a request for corrections in the docket.[1]

11       Indeed, plaintiff has not explained how her medical disabilities prevent her from filing a
12 timely opposition to a motion she has known about for some time, but do not impair her ability
13 to file numerous other documents with the court.  Nonetheless, in consideration of plaintiff's
14 alleged disabilities, the court will grant plaintiff one additional week in which to file an
15 opposition to defendants' motion to dismiss.  The opposition shall be filed no later than February
16 28, 2007.  Defendants' reply thereto shall be filed no later than March 7, 2007, and the hearing
17 shall be continued to March 14, 2007 at 10:00 a.m.  No further extensions shall be granted.
18 ////
19 ////
20 ////
21 ////
22 ////
23
---
24     [1] Defendants also argue that plaintiff has a history of seeking continuances and causing delay.  They cite to a case filed by plaintiff in the Northern District of California, *McColm v.*
25 *Bank of America, et* al. 4:03-cv-04788 SBA, wherein plaintiff sought numerous extensions of time for similar reasons.  *See Valeerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D.
26 Cal. 1978) (Judicial notice may be taken of court records.).

Further, if plaintiff files any further *ex parte* applications prior to filing the opposition, the court will consider plaintiff's declarations concerning her medical disabilities to be false.

IT IS SO ORDERED.

DATED: February 16, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE