IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA A. MCCOLM,

Plaintiff,

vs.

RESTORATION GROUP, INC.,

Defendant.

/

No. CIV S-06-2707 MCE EFB PS

FINDINGS & RECOMMENDATIONS

This action, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636. On February 8, 2007, plaintiff filed an *ex parte* application for a temporary restraining order. Plaintiff's application purports to seek both a temporary restraining order and a "writ of possession" pursuant to section 512.010 of the California Code of Civil Procedure. Plaintiff also filed an application for an order shortening time "for hearing re: writ of possession and for temporary restraining order." In these filings, plaintiff claims that her personal property (and some of her father's personal property) is being wrongfully held by defendants at "Restoration Group Inc. dba Cronic Disaster Services,

////

////

////

Cronic Construction, 2662 Tarmac Road, Redding, California 96003."[1] The "proposed orders" lodged by plaintiff with regard to each "application" are forms used in California state superior courts. Because plaintiff's application for a temporary restraining order and for a writ of possession seek the same thing – i.e., an order requiring defendants to return the identified personal property to plaintiff – the court construes both applications as a single application for a temporary restraining order.

Plaintiff seeks an order requiring defendants to turn over all personal property in their possession obtained from 925 South Street, Redding, California (the residence of George McColm, plaintiff's father). Plaintiff alleges that the "hostility" and "malicious threats" defendants have shown against her property show that an "'immediate danger' that the property will be transferred, concealed or removed, or may become substantially impaired in value." *See* Memorandum of Points and Authorities in Support of Application for Writ of Possession and for Temporary Restraining Order, at 3:14-19.

Except in the most extraordinary of circumstances, which have not been demonstrated in the instant case, Local Rule 65-231(a) provides that no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel. In her simultaneously filed (and duplicative) application for an order shortening time, plaintiff declares that defendants' counsel have refused to accept her telephone calls and faxes and will communicate with plaintiff only through regular mail. *See* Application for Order Shortening Time for Hearing Re Writ of Possession and for Temporary Restraining Order, at ¶ 4. This fact does not relieve plaintiff of the obligation to notify defendants – through mail or otherwise – of

---

[1] Based on a review of the complaint (filed November 29, 2006) and defendants' motion to dismiss (filed January 25, 2007), plaintiff alleges that defendants violated provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Hobbs Act. The crux of the dispute between the parties appears to relate to matters arising from repair work commenced by defendants on various items of personal property following a fire at the home of Mr. McColm (plaintiff's father) in Redding, California. Plaintiff disputes the validity of the contract providing for such services, and defendants have filed a mechanic's lien against Mr. McColm's home after plaintiff refused to pay for defendants' services.

her intention to seek a temporary restraining order.

In any event, the court will not set the matter for hearing. The motion does not comply with Local Rule 65-231(c), which provides that no hearing on a temporary restraining order will be set unless plaintiff provides the court with all documents required by Local Rule 65-231(c).[2] Moreover, mindful of plaintiff's pro se status, the court has reviewed the documents filed in support of the instant motion for temporary restraining order and concludes that oral argument would not materially assist the court in resolving this motion.

Plaintiff's motion is subject to essentially the same standards as a motion for preliminary injunction, with the exception that a temporary restraining order implies a greater urgency to prevent immediate irreparable harm. A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc*., 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). Plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the Int'l Ass'n of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be

---

[2] Plaintiff has filed an "application for a temporary restraining" order on a form used in California state superior court, and appears to seek relief under the California Code of Civil Procedure rather than Rule 65 of the Federal Rules of Civil Procedure. Plaintiff's memorandum of points and authorities fails to adequately brief all relevant issues, including the court's jurisdiction to grant her the relief she seeks under California state law, i.e, a writ of possession pursuant to Cal. Civ. Proc. Code § 512.010. Further, plaintiff's "proposed temporary restraining order" is prepared on another form used in state court and fails to contain a provision for a bond. *See* E.D. Cal. L.R. 65-231(c); Fed. R. Civ. P. 65(c).

immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Here, even if the instant motion may be construed to comply with the Local Rules, plaintiff has failed to show that she is likely to prevail on the merits. Indeed, she has failed even to raise serious questions as to the merits. In the present application, she makes no connection between the relief she seeks under state law and the merits of her purported claims under RICO and the Hobbs Act, both of which are alleged in the complaint as a basis for this court's subject matter jurisdiction. Neither has plaintiff come close to establishing irreparable harm warranting preliminary injunctive relief.

Plaintiff's motion does not demonstrate that "immediate and irreparable injury, loss, or damage will result to applicant" absent a restraining order. *See* Fed. R. Civ. P. 65(b). In fact, the relief plaintiff seeks is identical to that sought in the complaint, filed on November 29, 2006. *See* Compl., at 26:1-2. Pursuant to Local Rule 65-231(b), the court is required to consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." E.D. Cal. L.R. 65-231(b). In the complaint, filed in November, plaintiff alleges wrongful possession of her (and her father's) personal property by defendants, and seeks as relief (among other things) its return. Plaintiff does not explain in her moving papers why she could not have sought a preliminary injunction, rather than a temporary restraining order, at an earlier date. Plaintiff's speculative fear that defendants' "hostility" towards her will cause them to "transfer, conceal, or remove" her personal property is insufficient basis for filing the present motion. *See Caribbean Marine*

*Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury. . . . [A] plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.") (citations omitted) (emphasis in original).

Accordingly, it is hereby RECOMMENDED that plaintiff's applications for a temporary restraining and a writ of possession be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE