IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA A. MCCOLM,

      Plaintiff,                    No. CIV S-06-2707 MCE EFB PS

      vs.

RESTORATION GROUP, INC.,

      Defendant.               <u>ORDER</u>

      This action, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636.

      On January 10, 2007, plaintiff filed a "request to enter default." Pursuant to that request, plaintiff sought entry of default as to the following defendants: "(1) Robert Cronic, Ind.; (2) Robert Cronic, Off.; (3) Restoration Group, Inc., a California Corporation; (4) Restoration Group, Inc., d/b/a Purofirst Disaster and Reconstruction; and (5) Purofirst Disaster and Reconstruction, a partnership."

      Defendants Restoration Group, Inc., Restoration Group, Inc. d/b/a Purofirst Disaster & Reconstruction, and Robert M. Cronic and Michele Cronic jointly filed an untimely answer on January 11, 2007. On January 12, 2007, the Clerk declined to enter default pursuant to plaintiff's January 10, 2007 request due to the answers on file. Dissatisfied with the Clerk's

1

decision, on January 17, 2007, plaintiff filed an *ex parte* motion for an order requiring the Clerk to enter default. In her motion, plaintiff argues that the Clerk's decision was improper particularly as to "Purofirst Disaster and Reconstruction, a partnership," because that entity had no answer on file.

Defendants response represents that "Purofirst Disaster & Reconstruction, a partnership" has not appeared in this action for the reason that such entity no longer exists. According to defendants, that entity has not existed since 2001, well before the events underlying this action took place.

Plaintiff argues that she is entitled to an entry of default as to the apparently defunct "Purofirst Disaster and Reconstruction, a partnership," as well as the other defendants whose answers were untimely filed.

Rule 55 includes two distinct sections, sections (a) and (b), and their distinction is of relevance here. Fed. R. Civ. P. 55. An entry of default and a default judgment are distinct events that require separate treatment. *Ramada Franchise Sys. v. Baroda Enters., LLC*, 220 F.R.D. 303, 304-305 (N.D. Ohio 2004). Rule 55(a) pertains to entries of default and provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Entry of a default is a prerequisite to entry of a default judgment under Rule 55(b). *Ramada,* 220 F.R.D. at 305. Rule 55(b)(1) provides for entry of default judgment when the "plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." Rule 55(b)(2) applies to "all other cases" and requires application for judgment to be made to the court.

In the present case, the defendants named in plaintiff's "request for entry of default" have appeared, both by filing their untimely answer and by joining in defendant Sandra Johnson's motion to dismiss. Although plaintiff does not presently seek entry of default judgment, she does seek a clerk's entry of default – the predicate to an application for default judgment. Even

assuming the Clerk had entered the default of the defendants, plaintiff would still have to move the court for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2), since she seeks among other things, the return of various items of personal property and punitive damages.

Whether or not to enter default judgment under that provision of the Rule is within the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "'Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.'" *Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 610 (D. Fla. 1992) (quoting *Lee v. Brotherhood of Maintenance of Way Employees*, 139 F.R.D. 376, 381 (D. Minn. 1991)). "The law does not favor defaults, and any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Id.* at 610.

Here, the Clerk did not enter default because there were answers on file (although untimely) as to all existing defendants named by plaintiff in her request for default.[1]   Defendants have filed answers in the present action, and a motion to dismiss is calendared for hearing on March 14, 2007.  That motion challenges subject matter jurisdiction over the present action.  Given the questions raised by defendants in their motion to dismiss, their apparent desire to contest this action, and the policy favoring cases to be tried on their merits, the court hereby denies plaintiff's *ex parte* motion for an order requiring the Clerk to enter default.

IT IS SO ORDERED.

DATED: March 6, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Again, the court notes that defendants represent that defendant "Purofirst Disaster and Reconstruction, a partnership," ceased to exist in 2001.  Plaintiff has filed a reply to defendants' response, and argues that their acknowledgment of the partnership's "defunct" status is an admission as to liability regarding plaintiff's claims.  The court does not address such arguments at this time, but notes that plaintiff is not precluded from raising these (and other arguments) by appropriate motion authorized under the Federal Rules of Civil Procedure.