1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICIA A. MCCOLM,

11          Plaintiff,                    No. CIV S-06-2707 MCE EFB PS

12       vs.

13   RESTORATION GROUP, INC., et al.,

14          Defendants.                   ORDER
                                       /
15

16       This action, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636.

18       On March 14, 2007, plaintiff filed a motion to disqualify the undersigned pursuant to 28

19   U.S.C. § 455(a)(b)(1).  On March 19, 2007, defendant Sandra Johnson filed an opposition to

20   plaintiff's motion.

21       A judge is required to disqualify himself if his impartiality might reasonably be

22   questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party. 28

23   U.S.C. § 455(b)(1).  Remarks made during the course of a judicial proceeding that are critical or

24   hostile to a party or his case ordinarily will not support a bias or partiality claim unless they

25   reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism

26   as to make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 554 (1994.)  The

                                      1

1   decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard*

2   *v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

3       Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must

4   show a disposition on the part of the judge that "is so extreme as to display clear inability to

5   render fair judgment." *Liteky*, 510 U.S. at 541.  "Opinions formed by the judge on the basis of

6   facts introduced or events occurring in the course of the current proceedings, or of prior

7   proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-

8   seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555.  Bias is

9   not found where the judge has expressed anger or dissatisfaction or annoyance that are within the

10  bounds of reasonable behavior. *Id*.

11      The test for disqualification under section 455 is whether a reasonable person with

12  knowledge of all the facts would conclude that the judge's impartiality might reasonably be

13  questioned. *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980).  Evaluations of

14  impartiality, bias or prejudice under section 455 are made using an objective standard. *Id.*

15      Evaluated under this objective standard, plaintiff's motion and supporting affidavit fail to

16  demonstrate personal bias or lack of impartiality.  Plaintiff complains of judicial actions taken

17  throughout this case.  For example, plaintiff alleges that the undersigned failed to accommodate

18  her disabilities by granting her an extension of one week rather than thirty days to file an

19  opposition to defendant's motion to dismiss.  Defendant's motion was originally filed on January

20  25, 2007, and originally set for hearing on March 5, 2007.  On February 1, 2007, it was re-

21  noticed for hearing on March 7, 2007, which, under the Local Rules, gave plaintiff a total of

22  twenty-seven days from the date the motion was filed to the time her opposition was due; this is

23  almost twice the time allowed under the Local Rules. *See* E.D. Cal. L.R. 78-230(c).  With the

24  extension, plaintiff was given until February 28, 2007, to file an opposition to the motion to

25  dismiss originally filed on January 25, 2007.  This in effect gave her thirty-four days to file an

26  ////

2

1  opposition – over twice the amount of time normally allowed.[1]  That plaintiff was unhappy with

2  that result does not establish a basis for disqualification.

3       Plaintiff's motion and supporting affidavit contain similar complaints about the

4  undersigned's decisions and this court's local rules.  *See* Plaintiff's Declaration, at ¶¶11,12 ("The

5  rules of court appear to conform to what may be an entire bench directed toward 'getting rid of'

6  pro se cases as fast as possible.  This is neither fairness nor impartiality.  It is rape!  Apparently,

7  in this court, the rapist can continue to rape by reason of the 'reputation of the victim. . . .").[2]

8  The hyperbole aside, plaintiff fails to point to objective evidence showing that the undersigned's

9  impartiality might reasonably be questioned, or that he has a personal bias or prejudice against

10  plaintiff.

11       For all the foregoing reasons, plaintiff's March 14, 2007, motion to disqualify is

12  DENIED.

13       So Ordered.

14  DATED:  April 9, 2007.

15

16  _____
   EDMUND F. BRENNAN
17  UNITED STATES MAGISTRATE JUDGE

18

19

20    [1]  Further, despite her purported inability to file an opposition due to alleged impairments
requiring her to spend "4-5 times the usual time to accomplish any written work," plaintiff
21  managed to file between January 25, 2007 and February 28, 2007, no less than thirteen separate
documents, some of which were substantial in length.  *See* Plaintiff's Ex Parte Application for
22  Order Continuing Hearing, at 2:9-12; *see* docket entry nos. 33, 39-50.  The court's granting
plaintiff a one-week extension was reasonable, and not motivated by bias or impartiality.
23  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."
*Liteky*, 510 U.S. at 555.

24
    [2]  By her references to her "reputation," plaintiff seems to object to the Request for
25  Judicial Notice filed by defendant, in which defendant asks the court to take notice of plaintiff's
litigation history.  As indicated at the hearing on March 14, 2007, the undersigned finds such
26  information irrelevant to this action, and will decline to take judicial notice thereof.

3