IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM, | No. 2:06-cv-2707-MCE-EFB-PS |
| Plaintiff, | |
| v. | ORDER |
| RESTORATION GROUP, INC., et al., | |
| Defendants. / | |

On March 14, 2007, plaintiff filed a document objecting to and requesting reconsideration of the magistrate judge's order of March 7, 2007, denying plaintiff's ex parte motion for an order requiring the Clerk to enter default against each of the named defendants.

**I.**

**STANDARDS**

A non-dispositive pretrial motion referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) (1)(A) is reviewed under a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(A); Local Rule 72-303(f); United States v. Raddatz, 447 U.S. 667, 673 (1980).

///

///

Under this standard, the magistrate judge's decision is affirmed unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948).

## II.

## ANALYSIS

In the instant motion, plaintiff asks the court to reconsider the magistrate judge's order denying plaintiff's ex parte request that default be entered against each and every defendant, and in particular, defendant "Purofirst Disaster and Reconstruction, a partnership."

"The magistrate judge's authority is governed by statute and turns on whether a matter is deemed 'dispositive' or 'non-dispositive.'" United States v. Hansen, 233 F.R.D. 665, 669 (S.D. Cal. 2005) (citing 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72). "If a matter is non-dispositive, the magistrate judge may issue a written order deciding the matter. . . ." Id.  "The district court defers to the magistrate judge's order on a non-dispositive matter unless it is clearly erroneous or contrary to the law." Id. (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

"Rule 72(a) defines non-dispositive matters as those 'pretrial matters not dispositive of a claim or defense of a party.'" Maisonville v. F2 America, Inc., 902 F.2d 746, 747 (9th Cir. 1990).  Here, the magistrate judge's order denying plaintiff's ex parte motion for an order requiring the Clerk to enter default against the defendants pursuant to Fed. R. Civ. P. 55(a), is non-dispositive because it did not dispose of a party's claim or defense.  Even had the magistrate judge granted plaintiff's motion, plaintiff would still be required to move for entry of default judgment under Fed. R. Civ. P. 55(b), which is also solely within the district court's discretion to grant or deny.  Only upon the court's grant of a Rule 55(b) motion, would such order be dispositive.  Mere entry of default under Fed. R. Civ. P. 55(a) is non-dispositive.

///

///

1   The magistrate judge's decision to deny plaintiff's motion was not in error. As noted by
2   the magistrate judge, a court has discretion to deny entry of default "[w]here a defendant appears
3   and indicates a desire to contest an action. . . ." Marschhauser v. Travelers, Indem. Co., 145
4   F.R.D. 605, 610 (D. Fla. 1992) (citing Lee v. Bhd.of Maint. of Way Employees, 139 F.R.D. 376,
5   381 (D. Minn. 1991)). The magistrate judge found that defendants' answers and motion to
6   dismiss indicated a desire to contest the action, and on that basis declined to order the Clerk to
7   enter default against them under Fed. R. Civ. P. 55(a).

8   Furthermore, plaintiff's contention that default should be entered against "Purofirst
9   Disaster and Reconstruction, a partnership," is ill-taken. Defendants aver that this entity ceased
10  to exist in 2001, long before the events alleged in the complaint. Ordinarily, where a party has
11  failed to name the proper party, the appropriate procedure is to seek amendment pursuant to Fed.
12  R. Civ. P. 15, in order that the proper party might be named. See Fed. R. Civ. P. 15; see
13  Ringrose v. Engelberg Huller Co., 692 F.2d 403, 407 (6th Cir. 1982) (Jones, J., concurring)
14  (discussing the standards for amendment when originally named defendant is defunct). Here,
15  plaintiff has already named the currently existing entity, as well as its principals individually.
16  Accordingly, no amendment appears to be required, and the magistrate judge did not err by
17  declining to enter default against a non-existent entity. The magistrate judge's order was not
18  clearly erroneous or contrary to the law.

### III.
### CONCLUSION

Therefore, IT IS HEREBY ORDERED that the motion for reconsideration is denied, and the March 7, 2007, order of the magistrate judge is affirmed.

Dated: May 16, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3